Courtney L. Baird (SBN 234410)
**DUANE MORRIS LLP**
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone:  619 744 2200
Facsimile:   619 744 2201
E-mail:  clbaird@duanemorris.com

Ana Guardado (SBN 286732)
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Telephone:  415 957 3000
Facsimile:   415 957 3001
E-mail:  aguardado@duanemorris.com

Attorneys for Plaintiff CALOY COMPANY, LP

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALOY COMPANY, LP,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TAAMAN FOOD MARKETING, LTD,<br><br>　　　　　Defendant. | Case No.: 1:16-CV-01779-DAD-EPG<br><br>**PLAINTIFF CALOY COMPANY, LP'S REQUEST FOR CONTINUANCE OF MANDATORY SCHEDULING CONFERENCE; SUPPORTING DECLARATION OF ANA GUARDADO; ▬▬▬ ORDER**<br><br>Date:　　February 23, 2017<br>Time:　　9:00 AM<br>Ctrm:　　#10 (6th Floor)<br>Judge:　　Hon. Erica P. Grosjean |

1   Pursuant to Federal Rules of Civil Procedure and Local Rule 144, Plaintiff Caloy Company,
2   LP ("Caloy") respectfully requests a continuance of the Mandatory Scheduling Conference,
3   currently scheduled for February 23, 2017, for at least sixty (60) days or as long as the Court sees fit.

4   Caloy makes this request on the grounds that it has made a diligent effort to effectuate
5   service of the Summons and Complaint filed in this matter on November 22, 2016, on Defendant
6   Taaman Food Marketing, Ltd. ("Taaman"), pursuant to Rule 4(f)(1) and (h)(2) of the Federal Rules
7   of Civil Procedure.

8   Taaman is a foreign corporation located in Israel. On December 1, 2016, Caloy submitted a
9   request for service of the Summons and Complaint to the Legal Assistance to Foreign Countries,
10  Office of the Legal Advisor, as agent for service of process for defendants in the Country of Israel,
11  authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial
12  Documents.

13  Prior to receiving confirmation of formal service of the Summons and Complaint, Taaman's
14  local counsel contacted Caloy's counsel. On February 1, 2017, Taaman, by and through its local
15  counsel, agreed to waive service of the Summons and Complaint. A true and correct copy of the
16  executed Waiver of Service of Summons is attached hereto as Exhibit A. Taaman's responsive
17  pleading is currently due on or before April 3, 2017.

18  Given that the time for Taaman to appear is after the date of the currently Mandatory
19  Scheduling Conference, Caloy respectfully requests that the Mandatory Scheduling Conference be
20  continued for at least sixty (60) days. The brief continuance will allow Defendant Taaman to
21  respond to the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure prior to the
22  Mandatory Scheduling Conference.

23  Dated: February 6, 2017            **DUANE MORRIS LLP**

24
                                       By:   _/s/ Ana Guardado_
25                                           Courtney L. Baird
                                             Ana Guardado
26                                           Attorneys for Plaintiff
                                             CALOY COMPANY, LP
27

28  DM1\7541246.1                        1
    REQUEST TO CONTINUE MANDATORY SCHEDULING CONFERENCE; PLAINTIFF CALOY COMPANY,
    LP'S REQUEST FOR CONTINUANCE OF MANDATORY SCHEDULING CONFERENCE; SUPPORTING
    DECLARATION OF ANA GUARDADO; [PROPOSED] ORDER
    USDC EASTERN DISTRICT CASE NO.: 1:16-CV-01779-DAD-EPG

## DECLARATION OF ANA GUARDADO

I, Ana Guardado, declare as follows:

1. I am an attorney in the law firm of Duane Morris LLP, counsel of record for plaintiff Caloy Company, LP ("Caloy").

2. I have personal knowledge of the matters set forth herein, and if called upon to do so, I could and would competently testify thereto under oath.

3. This declaration is submitted in support of Caloy's Request for Continuance of Mandatory Scheduling Conference.

4. On November 22, 2016, Caloy filed the Complaint in this matter.

5. On November 23, 2016, this Court ordered all parties to attend a Mandatory Scheduling Conference on February 23, 2017 at 9:00 a.m.

6. Upon information and belief, Defendant Taaman Food Marketing, Ltd. ("Taaman") is a foreign corporation located in Israel.

7. On December 1, 2016, on behalf of Caloy, I submitted a request for service of the Summons and Complaint in this matter to the Legal Assistance to Foreign Countries, Office of the Legal Advisor, as agent for service of process for defendants in the Country of Israel, authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

8. On January 31, 2017, prior to receiving confirmation of formal service of the Summons and Complaint, Taaman's local counsel contacted our office.

9. On February 1, 2017, Taaman, by and through its local counsel, agreed to waive service of the Summons and Complaint. Attached hereto as Exhibit A is a true and correct copy of the executed Waiver of Service of Summons.

10. Defendant Taaman's responsive pleading is currently due on or before April 3, 2017.

11. Good cause exists for the Court to grant a continuance of the Mandatory Scheduling Conference, to allow Defendant Taaman to respond to the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure prior to the Mandatory Scheduling Conference.

//

DM1\7541246.1                    2
REQUEST TO CONTINUE MANDATORY SCHEDULING CONFERENCE; PLAINTIFF CALOY COMPANY, LP'S REQUEST FOR CONTINUANCE OF MANDATORY SCHEDULING CONFERENCE; SUPPORTING DECLARATION OF ANA GUARDADO; [PROPOSED] ORDER
USDC EASTERN DISTRICT CASE NO.: 1:16-CV-01779-DAD-EPG

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 6 day of February 2017, in San Francisco, California.

*/s/ Ana Guardado*
Ana Guardado

---

DM1\7541246.1  3
REQUEST TO CONTINUE MANDATORY SCHEDULING CONFERENCE; PLAINTIFF CALOY COMPANY, LP'S REQUEST FOR CONTINUANCE OF MANDATORY SCHEDULING CONFERENCE; SUPPORTING DECLARATION OF ANA GUARDADO; [PROPOSED] ORDER
USDC EASTERN DISTRICT CASE NO.: 1:16-CV-01779-DAD-EPG

**ORDER**

Having considered Plaintiff's Request for Continue Mandatory Scheduling Conference and good cause appearing, IT IS HEREBY ORDERED that Mandatory Scheduling Conference set for February 23, 2017 is hereby continued to April 6, 2017, at 9:30 a.m.

Dated: Feb 8, 2017

The Honorable Erica P Grosjean
Magistrate Judge of the U.S. District Court

## CERTIFICATE OF SERVICE

*Caloy Company, LP. V. Taaman Food Marketing, Ltd.*
United States District Court, Eastern District of California
Case No. 1:16-CV-01779-DAD-EPG

      I am a citizen of the United States, over the age of 18 years, and not a party to interested in the cause. I am an employee of Duane Morris LLP and my business address is One Market Plaza, Spear Tower, Suite 2200, San Francisco, California 94105. I am readily familiar with this firm's practices for collecting and processing correspondence for mailing with the United States Postal Service and for transmitting documents by FedEx, fax, email, messenger and other modes. On the date stated below, I served the following documents:

**PLAINTIFF CALOY COMPANY, LP'S REQUEST FOR CONTINUANCE OF MANDATORY SCHEDULING CONFERENCE; SUPPORTING DECLARATION OF ANA GUARDADO; [PROPOSED] ORDER**

X    BY U.S. MAIL: I enclosed the documents in a sealed envelope or package addressed to the person(s) set forth below, and placed the envelope for collection and mailing following our ordinary business practices, which are that on the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco, California, in a sealed envelope with postage fully prepaid.

___    BY OVERNIGHT DELIVERY: I enclosed the documents in a sealed envelope or package provided by FedEx and addressed to the person(s) listed below by placing the envelope or package(s) for collection and transmittal by FedEx pursuant to my firm's ordinary business practices, which are that on the same day a FedEx envelope or package is placed for collection, it is deposited in the ordinary course of business with FedEx for overnight delivery, with all charges fully prepaid.

___    BY ELECTRONIC SERVICE: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Victor F. Luke, Esq.                                      *Attorneys for Defendant*
Gibbs Giden Locher Turner Senet & Wittbrodt LLP    Taaman Food Marketing, Ltd.
1880 Century Park East, 12th Floor
Los Angeles, California 90067
Tel: (310) 552-3400
Fax: (310) 552-0805
Email: vluke@gibbsgiden.com

      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on February 6, 2017, at San Francisco, California.

                                                            */s/ Connie Wong*
                                                            Connie Wong

# EXHIBIT A

⊕AO 399 (Rev. 10/95)

## WAIVER OF SERVICE OF SUMMONS

TO:  Courtney Baird, Attorney for Caloy Company, LP
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Taaman Food Marketing, Ltd , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of   Caloy Company, LP v. Taaman Food Marketing, LTD
(CAPTION OF ACTION)

which is case number   1:16-CV-01779-DAD-EPG   in the United States District Court
(DOCKET NUMBER)

for the   Eastern   District of   California   .

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after   February 1, 2017
or within 90 days after that date if the request was sent outside the United States.   (DATE REQUEST WAS SENT)

2-2-17
(DATE)

(SIGNATURE)

Printed/Typed Name:  Victor F. Luke, Esq.

As  Attorney   of   Defendant
(TITLE)   (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.